IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CRAIG MACK, #612010 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv345 |
| TDCJ-CID, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Craig Mack, an inmate confined in the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #4) concluding that the lawsuit should be dismissed with prejudice for purposes of *in forma pauperis* proceedings pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g). Mr. Mack has filed objections (Dkt. #7).

Mr. Mack has a long history of abuse of the federal court system. PACER lists twenty-five cases filed by him in federal courts in Texas. The following cases and appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted before the present lawsuit was filed: *Mack v. Wilkinson*, Civil Action No. 5:96cv352 (E.D. Tex. June 6, 1997); *Mack v. Peterson*, Civil Action No. 6:95cv777 (E.D. Tex. Apr. 17, 1996); *Mack v. Peterson*, No. 96-40396 (5th Cir. Jan. 7, 1997); and *Mack v. Vance*, Civil Action No. 5:96cv21 (E.D. Tex. March 12, 1996). In *Mack v. Texas State Legislature*, Civil Action No. A-99-CA-300-SS (W.D. Tex. May 19, 1999), the Western District of Texas listed these cases and specified that "Plaintiff may

1

not file another civil action *in forma pauperis* ["IFP"] while incarcerated unless Plaintiff is in 'imminent danger of serious physical injury.'" (citing 28 U.S.C. § 1915(g)). Since then, multiple cases have been dismissed pursuant to the "three strikes" provisions of § 1915(g), including the following cases: *Mack v. Lynch*, Civil Action No. W-12-CA-063 (W.D. Tex. March 21, 2012); *Mack v. Bell*, Civil Action No. 6:12cv852, 2013 WL 618219 (E.D. Tex. Feb. 19, 2013); *Mack v. Duke*, Civil Action No. W-14-CA-359 (W.D. Tex. Aug. 22, 2014).

Congress decided to end the practice by inmates of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. An inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his objections, Mr. Mack asserts that the Defendants are attempting to kill him by making him have a severe stroke, severe heart attack or nervous breakdown by extreme stress. He alleges that the Defendants have been deliberately indifferent to his health and safety and have subjected him to retaliation. He refers to TDCJ-CID and UTMB as fully operational white supremacy hate groups, and he complains that the Magistrate Judge in his bias, prejudice and racial hatred filed the same Report and Recommendation in another case. In order to state a civil rights claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege facts to support his broad allegations. *Vinson v. Heckmann*, 940 F.2d 114, 115 (5th Cir. 1991). Conclusory allegations are insufficient. *R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). Mr. Mack's objections are conclusory. He has not shown that he is under imminent danger of serious physical injury.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Mack to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Mack's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). It is further

**ORDERED** that Mr. Mack's motion to proceed *in forma pauperis* (Dkt. #2) is **DENIED**. Mr. Mack may resume the lawsuit if he pays the entire filing fee of $400 within thirty days from the entry of the Final Judgment. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
Jul 6, 2017

_____
Ron Clark, United States District Judge